ARTHUR V. V. LIVINGSTON et al., respondents.

*v.*

JOHN H. STODDARD, appellant.

[Decided January 31st, 1927.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Lewis, who filed the following opinion:

"This is on motion to dismiss the bill. The bill prays that the defendant may be enjoined from parking his buses and loitering in front of complainants' premises. The complainants leased a store at 191 Market street, Paterson, New Jersey, from the Alexander Hamilton Hotel Company, on August 13th, 1925. At the time the defendant was using the street in front of the store as a bus station for his intrastate buses. When the complainants took possession of the store, according to the bill, there appears to have been no resolution or ordinance giving the defendant the right or license in front of the complainants' property. In October, 1925, the defendant leased the store next to the complainants

for a waiting-room, together with a right to park his buses in the street, subject to the rights of the other tenants in said street. After he made this lease, and on or about December 1st, 1925, he started a bus line carrying interstate passengers, and used the public streets in front of both premises as a terminal for interstate and intrastate lines. The bill sets forth that the defendant has continuously since that time parked his buses in front of his own waiting-room and in front of the complainants' store; his starters have driven the complainants' customers away; his drivers have molested the complainants' customers, and the complainants, by these acts, have lost business, customers and profits.

"It appears that the defendant did not make use of the highway in front of complainants' property simply to receive and discharge passengers, but lingered there for an hour at a time—in fact, the bill says that his buses were continually in front of complainants' premises, one departing being relieved by another. If all this be true, this destroyed the primary object of the highway, *i. e.,* the passage of the public, and, in fact, usurped all the rights of the complainants in the highway in front of their property. It is difficult to conceive of any right by which the defendant could appropriate the public street in this manner. Thompson, in his work on *Real Property,* says that

" 'The tenant becomes entitled, by virtue of his lease, to a free and unobstructed street encumbered only with the easement of the public and the privileges of the municipality. The right to the use of the street in front of leased premises is his, including the right to air and light, access, ingress and egress.'

"The facts alleged constitute a nuisance and it has been so held in this and other jurisdictions. If the defendant is to be permitted to continue the practice he has established, it must result in irreparable damage to the complainants in the loss of their customers.

"The motion to dismiss should be denied."

*Mr. James N. Wright,* for the respondents.

*Messrs. Osborne, Cornish & Scheck,* for the appellants.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Lewis.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ.  13.

*For reversal*—None.